IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**  **PLAINTIFF**

v.  Case No. 4:22-cr-00357-KGB

**TERILYN TITTERINGTON**  **DEFENDANT**

**ORDER**

Pending is defendant Terilyn Titterington's motion *in limine* (Dkt. No. 56). The United States of America ("Government") responded to the motion and provided notice of its intent to present intrinsic evidence and, in the alternative, to present evidence pursuant to Federal Rule of Evidence 404(b) (Dkt. No. 71). Ms. Titterington filed an objection to the Government's notice of intent to present intrinsic evidence and, in the alternative, to present evidence pursuant to Federal Rule of Evidence 404(b) (Dkt. No. 75). For the following reasons, the Court denies Ms. Titterington's motion *in limine* (Dkt. No. 56).

**I.    Overview Of Arguments**

In her motion, pursuant to Federal Rules of Evidence 401, 403, and 404(b), Ms. Titterington seeks to exclude at trial evidence "about Ms. Titterington's alleged drug/substance abuse, drug dealing, or drug charges – pending or past." (Dkt. No. 56, at 1). In support of her motion, Ms. Titterington argues that she is charged with illegal possession of firearms, not any drug-related offenses (*Id.*, at 2). She maintains that the evidence is inadmissible pursuant to Federal Rule of Evidence 404(b) because it has no bearing on the case and is introduced solely to prove Ms. Titterington's propensity to commit criminal acts (*Id.*). She proposes that the Government's witnesses can testify that Ms. Titterington had an outstanding warrant and that the warrant was the reason she was detained (*Id.*).

In response, the Government "gives formal notice of its intent to present evidence of Titterington's possession of controlled substances and other narcotics distribution activity on the day of her arrest as it is intrinsic to the offense." (Dkt. No. 71, at 1). In the alternative, should the Court determine such evidence is not intrinsic, the Government maintains that "Titterington's possession of controlled substances and other narcotics distribution activity is relevant to prove a material issue—knowledge, intent, and motive for possessing the firearms and ammunition under Federal Rule of Evidence 404(b)" (*Id.*). In its response, the Government reviews what it anticipates the evidence in this case will show (*Id.*, at 1–5). The Government maintains that it "seeks to admit evidence of suspected controlled substances and drug paraphernalia located during the search of the defendant's hotel room and evidence that Titterington distributed narcotics out of the hotel room prior to Sergeant Bevis' arrival on the day of the offense," maintaining such acts are intrinsic to the charged offense (*Id.*, at 4).

## II.     Intrinsic Evidence

Generally, extrinsic "evidence of other crimes committed by a defendant is inadmissible" under Federal Rule of Evidence 404(b). *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984). However, other crimes or bad acts "that form the factual setting of the crime in issue" are admissible as relevant, intrinsic evidence, as those acts are "'inextricably intertwined' with the crime charged." *United States v. Heidebur*, 122 F.3d 577, 579 (8th Cir. 1997) (first quoting *United States v. Williams,* 95 F.3d 723, 731 (8th Cir. 1996); then quoting *United States v. McGuire*, 45 F.3d 1177, 1188 (8th Cir. 1995)); *see also United States v. Patterson*, Case Nos. 23-2937, 23-3039, 23-3099, – F.4th –, 2025 WL 891510, at *3 (8th Cir. Mar. 24, 2025) ("Evidence of uncharged acts is admissible if it is 'intrinsic' to a charged drug conspiracy.").

Intrinsic evidence includes both evidence that is inextricably intertwined with the crime charged as well as evidence that "completes the story" or provides context to the charged crime. *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014) (citing *United States v. Johnson,* 463 F.3d 803, 808 (8th Cir. 2006); *United States v. Hall,* 604 F.3d 539, 543 (8th Cir. 2010)).  The Eighth Circuit Court of Appeals has "recognized that '[a] jury is entitled to know the circumstances and background of a criminal charge,' and [the Eighth Circuit has] permitted the introduction of evidence 'providing the context in which the crime occurred, i.e. the *res gestae.*'"  *United States v. LaDue*, 561 F.3d 855, 857 (8th Cir. 2009) (first alteration in original) (quoting *United States v. Savage*, 863 F.2d 595, 599 (8th Cir. 1988)).  Recently, the Eighth Circuit explained:

> "[W]hen evidence of other crimes is so blended or connected. . . ; or explains the circumstances [of the crime charged]; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged."  *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005) (citation omitted).  Because a jury "cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge," *res gestae* evidence is relevant and admissible.  *Moore*, 735 F.2d at 292.  "In felon-in-possession cases, we have defined the scope of the *res gestae* to include the events immediately preceding the defendant's arrest, as well as the circumstances of the arrest itself."  *LaDue*, 561 F.3d at 857-58 (citations omitted).

*United States v. Young*, 129 F.4th 459, 469–70 (8th Cir. 2025) (alterations in original).  In *Young*, decided in February 2025, the Eighth Circuit, when examining the issue of whether evidence of drug trafficking was intrinsic to a firearms charge, ruled the drug trafficking evidence was intrinsic and properly admitted, observing that:  "Firearms, however, are 'tools in the drug trade.'"  *Id.* at 470  (quoting *United States v. Dierling*, 131 F.3d 722, 732 (8th Cir. 1997)).  Having considered the controlling legal authorities as well as the record in the case before the Court at this stage, the Court rules that much of the drug evidence Ms. Titterington seeks to exclude through her motion *in limine* is intrinsic evidence.  However, all of what the Government intends to offer as evidence

3

at trial is not known at this time to the Court or Ms. Titterington. For this reason, although the Court denies Ms. Titterington's motion *in limine* on this basis, the Court will rule on any contemporaneous objections made to evidence presented at the time of trial.

In addition, the Court acknowledges that the probative value of that intrinsic evidence may be substantially outweighed by its prejudicial value, such that even the intrinsic evidence is inadmissible. *See United States v. Bass*, 794 F.2d 1305, 1313 (8th Cir. 1986); Fed. R. Evid. 403. At this stage of the proceeding, having considered the controlling legal authorities as well as the record in the case before the Court, the Court denies Ms. Titterington's motion *in limine* on this basis as well, but the Court permits Ms. Titterington to renew this objection and argument, depending on the precise proof the Government seeks to introduce at trial.

Further, the Court will request at the time of trial that the parties address whether the Court should give a cautionary instruction to the jury upon admission of such intrinsic evidence, informing the jury that Ms. Titterington is not on trial for any act or conduct not specifically charged in the indictment. Juries are presumed to follow such instructions. *See United States v. Pendleton*, 832 F.3d 934, 947 (8th Cir. 2016) (rejecting prejudice argument due to limiting instruction about evidence of violence against a coconspirator).

### III.   Extrinsic Evidence

If evidence is determined to be extrinsic, it is admissible only if offered for a non-propensity purpose. *See United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008). Federal Rule of Evidence 404(b) provides a lengthy list of examples, from proving state-of-mind requirements like "intent" and "knowledge" to countering potential defenses like "mistake." Fed. R. Evid. 404(b)(2) (listing "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). "By using 'such as' to introduce the list, Rule 404(b) makes clear

that the listed items are nonexclusive, meaning that 'other crime[s], wrong[s], or act[s]' can be admissible for additional relevant, non-propensity purposes." *United States v. Vaca*, 38 F.4th 718, 722 (8th Cir. 2022) (alterations in original); *see* Fed. R. Evid. 404(b)(1); *Carter v. United States*, 549 F.2d 77, 78 (8th Cir. 1977) (*per curiam*) ("[T]hose purposes as listed in 404(b) are not exclusive[.]"); 2 Weinstein's Federal Evidence § 404.20[1], at 404–40 ("[T]he categories listed in the rule are not meant to be exhaustive or exclusive.").

In this case, the Government asserts that Ms. Titterington's "possession of controlled substances, drug distribution paraphernalia, and narcotics distribution activity is relevant to prove a material issue—knowledge, intent, and motive for possessing the firearms and ammunition" (Dkt. No. 71, at 7). The Eighth Circuit has held that drug-related evidence is admissible when it is closely related to the issue of ownership and possession of guns. *See United States v. Simon*, 767 F.2d 524, 526–27 (8th Cir. 1985) (finding drug-related evidence particularly probative of opportunity, intent, and knowledge when the defendant denied being recently in the area where the guns were found, contending that the guns were not his, and contending that many other people had access to the area where the guns were found).

For these reasons, given the controlling legal authorities as well as the record in the case before the Court, the Court denies Ms. Titterington's motion *in limine* on this basis, but the Court permits Ms. Titterington to renew this objection and argument, as well as any objections and argument premised on Federal Rules of Evidence 401 or 403, depending on the precise proof the Government seeks to introduce at trial.

### IV. Confrontation Clause

Ms. Titterington raises Confrontation Clause objections to evidence she anticipates the Government intends to offer as to the statements of an unnamed individual to Sergeant Bevis

regarding Ms. Titterington's alleged possession of controlled substances, drug distribution paraphernalia, and narcotics distribution activity (Dkt. No. 75, at 3–4). At this time, the Court denies her motion *in limine* on this basis as well. However, the Court will rule on all contemporaneous objections at the time of trial. The Court takes note, however, of the relevant legal authorities in this regard.

In *Young*, 753 F.3d at 772–73, the Eighth Circuit examined a similar objection. In that case, defendant Elain Kay Young argued that the admission of one Deputy Salsberry's testimony stating another individual's alibi violated Ms. Young's confrontation rights under the Sixth Amendment because Ms. Young never had the opportunity to cross-examine the other individual. *Id.* at 772. The Government countered that the Confrontation Clause did not apply because Deputy Salsberry's statements were not offered to prove the truth of the assertions. *Id.* The Eighth Circuit agreed. *Id.* at 773.

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Crawford v. Washington,* 541 U.S. 36, 42 (2004) (alterations in original) (quoting U.S. Const. amend. VI). In *Crawford,* the Supreme Court held that the Confrontation Clause bars testimonial out-of-court statements against a defendant who has no opportunity to cross-examine the declarant. *Id.* at 68–69. Thus, a statement may be admissible under the Federal Rules of Evidence but be inadmissible under the Confrontation Clause. Statements that police officers take in the course of an interrogation are testimonial. *Id.* at 52.

*Crawford*'s reach has been limited in one key respect, however. The *Crawford* Court indicated that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id.* at 59 n.9. Federal Rule of Evidence

801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Accordingly, some courts have determined that the Confrontation Clause does not apply to out-of-court statements that are non-hearsay. *See, e.g.*, *United States v. Woods,* 301 F.3d 556, 561 (7th Cir. 2002) ("If statements are admissible because they are non-hearsay, there is no confrontation clause problem.").

The Eighth Circuit has acknowledged that non-hearsay out-of-court statements do not implicate the Confrontation Clause. *United States v. Yielding*, 657 F.3d 688, 700 (8th Cir. 2011). In *Yielding,* the Eighth Circuit concluded that "[b]ecause the statement [at issue] was not used to establish the truth of the matter asserted, the evidence was not hearsay, and its admission also did not violate the Confrontation Clause." *Id.*

### V. Conclusion

For the foregoing reasons, the Court denies Ms. Titterington's motion *in limine* (Dkt. No. 56).

It is so ordered this 3rd day of April, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge